UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION DOUGLAS MEMMOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BONNIE MANNING, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-01395-TLN-CKD (PS)<br><br><br><u>ORDER TO SHOW CAUSE</u> |

　　　　This case comes before the Court on Plaintiff Orion Douglas Memmott's motion to proceed in forma pauperis ("IFP") filed May 15, 2024, and Plaintiff's First Amended Complaint ("FAC") filed on August 23, 2024.[1]  (ECF Nos. 2-3.)  <u>See</u> 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  The undersigned declines to rule at this time on the IFP motion, however, because an initial review of this action indicates that Plaintiff filed this case in the wrong district court.  Instead, the court orders Plaintiff to show cause why this action should not be dismissed without prejudice or transferred to the U.S. District Court for the Western District of North Carolina, under 28 U.S.C. § 1406(a).

---

[1] Because Plaintiff is representing himself, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Plaintiff brings this action pursuant to diversity jurisdiction against Defendants Bonnie Manning, Daniel Koehler and C. Jason Ralston ("Defendants"), who all reside in North Carolina. (ECF No. 3 at ¶¶ 3, 8-10.) Plaintiff alleges Defendants conspired to steal Plaintiff's interest in the real property located at 2829 Long Circle, Iron Station, North Carolina 28080. (See generally ECF No. 3; see also Id. at ¶ 9 ("The real property which is the subject of this action is located at 2829 Long Circle, Iron Station, North Carolina 28080".).)

Plaintiff states venue is appropriate in the Eastern District of California because "[a] substantial part of the events or omissions and the primary elements of the events giving rise to the claims sued hereon, and where Plaintiff suffered violations of his rights, occurred in the Eastern District of California." (Id. at ¶ 4.) Plaintiff also states venue is appropriate here because "Plaintiff resides in the Eastern District of California." (Id.) In his First Amended Complaint, Plaintiff also states that he "relied upon the oral and written assurances and agreements Plaintiff received from [Defendant] Manning at his home in Chico, California". (Id. at ¶ 24.)

Defects in venue may be raised by the court on its own where the defendant has not yet responded to the complaint and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (permitting courts to transfer case on its own initiative, "so long as the parties are first given the opportunity to present their views on the issue"). Venue in a civil action is generally proper in (1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Here, no Defendant is alleged to reside in the Eastern District of California pursuant to 28 U.S.C. § 1391(b). (See also ECF No. 3 at ¶¶ 3, 8-10.) Plaintiff concedes all the Defendants are located in North Carolina. As for § 1391(b)(2), it appears to the undersigned highly unlikely that any of the events or omissions giving rise to Plaintiff's claims occurred in this district. Review of the First Amended Complaint, the events or omissions at issue appear to have occurred "mainly" in North Carolina. (See ECF No. 3 at 11-23.) Additionally, the subject real property in dispute is

located in Lincoln County, North Carolina. Finally, even if § 1391(b)(3) applied here, assuming no district could provide a proper venue under §§ 1391 (b)(1) and (b)(2), Plaintiff's First Amended Complaint does not show that any Defendant is subject to personal jurisdiction in this judicial district. There is no indication that any individual Defendant is domiciled in California giving rise to general personal jurisdiction over them. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a).  Plaintiff is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed for improper venue or transferred to the Western District of North Carolina. **Within fourteen (14) days of the date of entry of this order, Plaintiff shall file a response.**  In his response, Plaintiff must explain to the Court why the case should remain in the Eastern District of California.

Dated:  September 24, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4, memm1395.24